**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 21, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MAXIE C. BARBER,

          Petitioner - Appellant,

v.

DAVID MILLER, Warden of the
Lawton Correctional Facility,

          Respondent - Appellee.

No. 12-6067

(W.D. Oklahoma)

(D.C. No. 5:10-CV-01407-C)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **MURPHY**, **BALDOCK**, and **HARTZ**, Circuit Judges.

Applicant Maxie Barber, an Oklahoma state prisoner, filed an application for relief under 28 U.S.C. § 2254 in the United States District Court for the Western District of Oklahoma. The district court denied the application, and Applicant seeks to appeal. Construing his notice of appeal as a request for a certificate of appealability (COA), *see* 28 U.S.C. § 2253(c)(1)(A) (requiring a COA to appeal the denial of a § 2254 application); Fed. R. App. P. 22(b)(2) ("If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals."), we deny the request and dismiss the appeal.

In October 2005 a 15-year-old girl (C.S.) accused Applicant—the on-again-off-again boyfriend of her mother, Nancy Smith—of raping her on four different occasions over a period of seven months. At trial C.S. recounted each rape and testified that no one else was present during the assaults. Applicant testified about the events surrounding the last alleged rape and asserted that Ms. Smith made C.S. fabricate the allegations because she was angry that he had ended their relationship and was seeing another woman, Amy Kroeger. Although the prosecution presented no DNA evidence linking Applicant to the alleged crimes, C.S.'s doctor, who had examined her before and after the rapes, testified that C.S.'s vaginal canal was much larger after the alleged rapes and that the enlargement was likely the result of multiple sexual penetrations. Ms. Smith and Ms. Kroeger also testified.

The jury found Applicant guilty on four counts of first-degree rape, *see* Okla. Stat. tit. 21, § 1114(A) (2008), and he was sentenced in May 2008 to life imprisonment on each count in accordance with the jury's recommendation. The judge ordered that the sentences be served concurrently. Applicant unsuccessfully sought relief in Oklahoma court on direct appeal and in postconviction proceedings.

On December 30, 2010, Applicant, represented by counsel, filed a § 2254 application in federal district court raising claims of ineffective assistance of trial and appellate counsel. He alleged that his trial counsel was ineffective for failing

to call certain witnesses who would have testified that (1) Ms. Smith had talked about purchasing a vibrator for C.S., (2) C.S. used vibrators, (3) Ms. Smith had attended several "swingers" parties (apparently leaving C.S. alone at home) after C.S. had accused Applicant of rape, (4) Ms. Smith's relationship with Applicant did not end until just a few days before C.S.'s allegations were made to the police, (5) C.S. had a fascination with gay Asian men and gay male sex, (6) Applicant and Ms. Smith had a rocky relationship, (7) Ms. Smith was extremely jealous of Ms. Kroeger, (8) C.S. never acted as if anything was wrong, (9) Ms. Smith had said that if she could not have Applicant, then no one could have him, (10) it was planned for C.S. to stay at Applicant's house on the day of the last alleged rape because he had better internet service, (11) Ms. Kroeger had been at Ms. Smith's house on that day, (12) C.S. could not have kept the allegations secret for so long, and (13) Applicant was never observed doing anything inappropriate with C.S. The application also claimed that trial counsel was ineffective for failing to obtain (1) cell-phone records that would have shown that C.S. called Applicant several times to take her to school and that Ms. Kroeger was at Ms. Smith's house on the day of the last rape, (2) text messages and emails from Applicant to Ms. Smith telling her that the relationship was over, and (3) lab testing on vibrators and C.S.'s clothing. Applicant's claim that his appellate counsel was ineffective was based on counsel's failure to raise these issues on direct appeal.

The magistrate judge's Report and Recommendation (the R&R), which was adopted by the district court, addressed these issues on the merits and de novo, assuming that they had been exhausted but not relying on their disposition in state court. The R&R concluded that Applicant's appellate counsel was not ineffective because his failure to raise the alleged instances of ineffective assistance of trial counsel would not have changed the outcome on direct appeal. According to the R&R, the omitted testimony would have been insignificant, irrelevant, or cumulative, or would have been barred as improper opinion testimony or contrary to Oklahoma's rape shield law.

As for counsel's failure to present the cell-phone records, the R&R found that they would have been of little importance because Applicant had referred to them (to refresh his recollection) while testifying at length about the date, time, participants, and content of the calls. The R&R also concluded that the information in the emails and text messages was cumulative of trial testimony or barred by the rape shield law, that any forensic evidence of C.S.'s use of a vibrator would have been excluded under the rape shield law, and that further forensic testing of C.S.'s pants was unnecessary because a detective testified at trial that nothing on the pants implicated Applicant.

In this court Applicant raises essentially the same arguments presented in his § 2254 application. A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [application] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

To establish ineffective assistance of counsel, an applicant must show (1) that his attorney's performance "fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688 (1984), and (2) that he suffered prejudice, meaning that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. Our review is "highly deferential" and we "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks omitted). "[I]n analyzing an appellate ineffectiveness claim based upon the failure to raise an issue on appeal, we look at the merits of the omitted issue." *Cargle v. Mullin*, 317 F.3d 1196, 1202 (10th Cir. 2003) (internal quotation marks omitted). "[I]f the [omitted]

-5-

issue is meritless, its omission will not constitute deficient performance." *Id.* (footnote omitted).

Applicant has failed to persuade us that there is anything debatable about the district court's resolution of his claims. As the R&R observed, the omitted testimony and evidence was either inadmissible, insignificant, or cumulative of other evidence at trial. Even if trial counsel's performance was deficient, Applicant has not shown that he was prejudiced by his trial counsel's representation. As a result, his claims of trial- and appellate-counsel ineffectiveness are unquestionably without merit.

We DENY a COA and DISMISS the appeal.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge